## RICHARDSON v. HOBART.

1. A decree of the County Court, ordering the sale of the lands of an insolvent intestate, is evidence against third persons concerning the land sold.
2. Such decree, when given in evidence, cannot be inquired into or impeached while unreversed, it being the act of a Court of compe ent jurisdiction.
3. The decree is evidence, though the whole of the proceedings of the intestates' estate be not shewn.
4. A final certificate of title under the act of Congress, settling Spanish claims, is sufficient evidence of title, and a trespasser cannot go beyond it to question the right.

THIS was an action of trespass to try titles, brought under the statute of 1821, by Hobart against Richardson, in Mobile Circuit Court, to recover possession of a section of land in Mobile county, and damages for the detention. A trial was had at February term, 1827, and a verdict found for the plaintiff for the land, and fifty dollars damages.

By a bill of exceptions taken at the trial by Richardson, it appears that on the part of the plaintiff, there was read in evidence, a certified transcript from the books of the register of the land office at Jackson court house, in the State of Mississippi, by which it appeared that Rexis Durett, in the year 1800, petitioned the Spanish Commandant at Mobile, the country then being in possession of the authorities of Spain, for a certain tract of land of a mile square; that the Commandant granted the petition on condition that the land was vacant, and that no one should be injured thereby; that Durett filed his claim with the commissioners appointed by the government of the United States, to investigate land claims in that part of Louisiana lying east of Pearl river; supported by the affidavit of Hobart, the plaintiff below, shewing that he, Hobart, had occupied the premises as tenant of Durett, since the year 1809; that the land was regularly surveyed by the surveyor of the district; that the claim was confirmed by the report of the commissioners under the act of Congress of the 3d March, 1819, and that a final certificate was issued by the register and receiver of the land office, on the 12th of December, 1825, which entitled Durett to a patent. Durett died in the autumn of 1819.

A transcript of the proceedings of the County Court of Mobile county was also read in evidence, containing an order of that Court for the sale of the land. to satisfy and pay demands against his estate  The order recites that at a previous term, the heirs and devisees of Durett, at the instance of his administrator, were cited to shew cause why the land should not be sold, and that they appeared and admitted the insolvency of the estate; and moreover, that satisfactory evidence was adduced to shew that the effects of the deceased were insufficient to pay his debts. The transcript also shews that persons were appointed to sell the land at a credit of three months, giving thirty days notice in the newspapers, who were directed to require bond of the purchaser and a mortgage on the premises. Under this order the land was sold, and the plaintiff below became the purchaser for $1600, who having complied with the terms of the sale, received a deed of conveyance, which was duly recorded. The counsel for the defendant below, objected to the introduction of the whole of the above evidence, except the deed last mentioned.

JULY 1828.

Richardson
v.
Hobart.

On the part of the defendant, the act of Congress of 2d April, 1824, entitled "An act giving the right of pre-emption to certain settlers therein mentioned," was read. He gave in evidence a certified transcript from the books of the register and receiver of the land office, which contained a list of settlers who had made settlements prior to the 3d March, 1819, and who had received no titles from the French, British or Spanish governments. This list contains the defendant's name, and by it he appears to claim a tract of land designated by the name of the *Cedar Swamp.* It does not appear that he was ever recognized as a settler, entitled to the benefit of the act of Congress. The defendant proved he had occupied a part of the land in dispute from the year 1819, and that the persons who had been cited to the County Court, as the heirs and legal representatives of Durett, were the illegitimate children of the father of the said Durett. He also proved that other proceedings were had in the County Court, in relation to the estate of Durett, than those given in evidence by the plaintiff, which consisted of the petition of the administrator for the sale of the land, and the answer of the heirs and legatees to the citation of the Court. On this evidence, the Court below charged the jury, that if they believed the evidence, the plaintiff was entitled to recover.

The errors assigned by Richardson are, 1st. That the Court below erred in admitting the evidence contained in the bill of exceptions to go to the jury, and 2d. The Court below erred in its charge to the jury.

*a* Cowper 26, 31.
6 DanïsAbr.425.
1 Phil. Ev. 314, 316. 1 Hay. 410.
*b* Laws Ala. 694, 698. 7 Cranch 408–9, 122.
1 Phil. Ev. 320, n. 1 Hayw. 410.
*c* CookesRep.157.
M‘Nairy's opinion.
*d* 1 Mass Rep. 1, Bull Nis. Pr. 240
1 Salk. 286.
7 Phil. Ev. 287.

PARSONS and COOPER, for the plaintiff in error, contended that the Court admitted improper evidence in three respects: 1st. In admitting the decree of sale in the County Court without producing the whole record in that behalf. *a* The decree purports to be a transcript from the minutes and not from the record. *b* 2d. In admitting the Spanish grant, which is void in itself for uncertainty. *c* 3d. In admitting the testimony of Hobart to establish his own title. *d*

They contended the charge of the Court to the jury was erroneous, because the evidence was improper and illegal, and because the proceedings of the County Court were void in themselves. The County Court had no jurisdiction, because Rexis Durett did not die seized of the premises, and unless seized at his death, the land was

not liable for his debts; [a] because the proper parties were
not cited and did not appear in Court, and therefore that
the proceedings were exparte; no amount of debts were
stated, no petition was filed whereby the County Court
might judge of the propriety of selling real estate.  The
notice ordered by the Court was thirty days, when the
statute requires forty. [b] There was a want and an excess
of jurisdiction, and therefore the proceedings of the
County Court were void.  Again, the decree of the
County Court was void, because there was an adverse
possession. [c] They also contended that the whole of the
proceedings subsequent to the Spanish grant were void
for fraud; [d] and that Hobart's title was void, because he
had only by his purchase acquired the interest and title
of the pretended heirs. [e]

ACRE, for the defendant.  The final certificate of the
register and receiver was conclusive evidence of title
in Durett, and the defendant below could not go beyond
it to impeach the title. [f] And the decree of the County
Court cannot be impeached.  A judgement of a Court of
competent jurisdiction is conclusive until regularly set
aside. [g] Judgements in *rem* are evidence even against
third persons, and cannot be impeached unless for fraud,
which the party alleging it must shew. [h]

JUDGE GAYLE delivered the opinion of the Court.

THE plaintiff's counsel contend that the transcript of
the proceedings of the County Court ought not to have
been read in evidence, because the whole record in that
behalf was not produced, and because it purports to be a
transcript from the minutes and not from the record.

In support of the first reason, the case of the King
against Croke, [i] has been referred to, and on looking into
that case, it is found to bear no analogy to the one under
consideration.  It arose under a statute of 9 George
III which had for its object the establishment of a particu-
lar road.  It gave an authority to the corporation of Lon-
don to purchase of individuals such lands as might be
necessary to carry it into effect, and in case of the refusal
to sell, the justices of the county, on the application of the
corporation, were required to direct a jury to be summon-
ed to assess the value of the land.  The defendant whose
land had been condemned by the verdict of a jury and
the order of the justices, removed the cause by *certiorari*

JULY 1828.

Richardson
v.
Hobart.

*a* 5 Dane's Ab.272
*b* Laws Ala. 327,
§ 28  1 Chit. Pl.
185-6.  3 Blk.
Com. 112. 1 Phi.
Ev. 275.

*c* 2 Blk. 290.
Coke Lit. 214.
3 Blk. 178.
2 Salk 563.
4 Cruise 101.
3 Dane 522.
*d* 14 John. 121.
3 Dane 521.
1 Phil. Ev. 261.
*e* Laws Ala. 328–9

*f* See act of Con-
gress of 1819, §3,
11 and 12.

*g* Peake's Ev. 78.
note c.

*h* Peake's Ev. 81.
top page.

*i* 1 Cowp. Rep.
26.

into the Court of King's Bench. The proceedings had before the justices were set aside. on the ground that the directions of the statute had not been strictly pursued. Lord Mansfield laid down the rule, that when special authority is delegated to particular persons to take away a man's property and estate against his will, it must be strictly pursued, and must so appear on the face of the proceedings; a rule dictated by the principles of common justice and necessary and essential to the rights of the citizen. That case was reviewed expressly for the purpose of setting aside the order of the justices, and of shewing that the persons authorized to treat for and purchase lands, had not acted in pursuance of the statute. The corporation were mere agents, and the justices had jurisdiction in such cases only as might be brought before them, in relation to this particular road. In the case at bar, the record of the County Court was incidentally examined as a matter of evidence; unlike the justices, the County Court is a court of record, having general jurisdiction over the estates of deceased persons. The force and effect of its proceedings and judgements cannot be questioned or disturbed till they are carried to a high tribunal for revision. The point made by the plaintiff's counsel is fully embraced by the rule that the judgement of a Court of competent jurisdiction, is conclusive, till regularly set aside. The order of sale by the County Court was its judgement, and that judgement could not be impeached incidentally when introduced as a piece of evidence. It was therefore not necessary to introduce the whole proceedings, in relation to the estate of Durett on the trial of the cause.

The other objection that it purports to be a transcript from the minutes, and not from the records of the County Court, is equally unavailing. The proceedings are set out at length, reciting the orders which had been previously made, and shew clearly that they are the genuine records of the proceedings of the Court, though certified to be a transcript of the *minutes.* The case cited from 7 Cranch, [a] is not in point. In that case the Court would not permit a transcript of minutes extracted from the Judge's docket, to be read in evidence to contradict a record duly certified under the act of Congress, prescribing the mode of authenticating records. The transcript introduced in the Court below, was very different from the minutes of the Court's docket.

a Page 408; Ferguson vs Harwood.

It is further objected, under the first assignment of error, that the Spanish permit originally granted to Durett, and the oath of Hobart, the plaintiff in the action, made before the commissioners long prior to his becoming interested in the land, were improperly admitted in evidence to the jury. It is not believed to be necessary for the plaintiff to go beyond the final certificate of Durett to establish his title. If his claim was deemed sufficient to entitle him to a patent, by the tribunal established by the government to investigate it, the sufficiency or competency of the evidence on which that tribunal acted, cannot be questioned by one in the situation of the defendant below. He does not appear to have had any other claim than that of mere occupancy of a part of the land from the year 1819.

It is true, his name appears on a list of settlers, as reported by the Register and Receiver, but by the remarks of the Register subjoined to that list, he was not recognized as a settler entitled to land under the acts of Congress. And when it is remembered, that Durett had been in constant possession of the premises from the year 1809, under a Spanish permit, obtained as early as the year 1800, he can be regarded in no other light than that of a trespasser. He had therefore no right to question the validity of the title derived from the United States.

Under the second assignment of error, the plaintiff's counsel renew their objections to the proceedings of the County Court, and refer to a number of instances in which they suppose that Court to have erred. These objections are embraced by the view taken of this subject in considering the first assignment of error; in which it is shewn, that being a Court of competent jurisdiction, its records and judgements are in full force, and cannot be questioned till they are legally set aside. But it is said the County Court had no jurisdiction over the land in dispute, because Durett was not seized of it at the time of his death. The evidence does not authorize this conclusion. It does not appear but that he had been in the continual possession from the year 1800 till his death, a period of nearly twenty years; and that his possession was coupled with a right of possession, derived from a title from the Spanish government, which has been recognized and confirmed by the United States. He had then such an estate in the

64

land as constituted his possession legally and technically a seizure. We are therefore of opinion, that the Circuit Court did not err, either in admitting the evidence stated in the bill of exceptions, or in its charge to the jury.

Judgement affirmed.

JUDGE CRENSHAW not sitting.